IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RONALD DALE BARNES, #261 261, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:15-CV-57-MHT |
| | ) | [WO] |
| CORIZON MEDICAL SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter comes before the court on Plaintiff's Motion for a Preliminary Injunction. *See Doc. No. 1.*   Plaintiff seeks a preliminary injunction seeking to prohibit Defendant from providing inadequate health care for his serious medical needs.  Specifically, Plaintiff requests immediate medical attention for back pain and kidney stones which he asserts is causing him severe pain and suffering because Corizon physicians have refused to treat him. As directed, Defendant filed a response to Plaintiff's request for issuance of a preliminary injunction regarding his medical claim.   *Doc. No. 15*. Upon consideration of Plaintiff's motion for preliminary injunction and Defendant's response thereto, the court concludes that the motion is due to be denied.

**I.  STANDARD OF REVIEW**

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Plaintiff demonstrates each of the following prerequisites:  (1) a substantial likelihood of success on the merits; (2) irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested

injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Id.*; *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352, 1354-55 (11th Cir. 1983).  "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"' as to the four requisites."  *McDonald's*, 147 F.3d at 1306; *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp. Inc*., 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain  Int'l, S.A*., 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion).  The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").  "'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.'"  *Suntrust Bank v. Houghton Mifflin Co*., 268 F.3d 1257, 1265 (11th Cir. 2001) (quoting *Ne. Fla. Chapter of Ass'n Gen. Contractors of Am. v. City of Jacksonville*, 896 F.2d 1283, 1284 (11th Cir. 1990).

## II. DISCUSSION

Plaintiff files his motion for preliminary injunctive relief requesting immediate medical attention for his medical complaints related to his care and treatment for back pain and kidney stones. Plaintiff states he was seen six months ago in the medical unit in response to his sick call

2

request wherein he complained about back pain and blood in his urine. Medical personnel did not provide him with any treatment and, he claims, medical personnel have continued to refuse to do anything in response to his condition. *Doc. No. 1.*

Turning to the first prerequisite for issuance of preliminary injunctive relief, the court considers whether Plaintiff has proven a substantial likelihood of success on the merits. Having thoroughly reviewed the request for a preliminary injunction, Defendant's response thereto, and in light of applicable federal law, the court concludes that Plaintiff fails to carry his burden.

Defendant argues that Plaintiff has failed to show a substantial likelihood of success on his Eighth Amendment claim. A violation of the Eighth Amendment requires a showing of "deliberate indifference" to an inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Specifically, an inmate must show that: (1) the prison officials had subjective knowledge of a risk of serious harm; (2) the prison officials disregarded that risk; and (3) the conduct rises above mere negligence. *McElligott v. Foley*, 182 F.3d 1248 (11th Cir. 1999). To establish an objectively serious deprivation of medical care, a prisoner must establish: (1) an objectively serious medical need, and (2) that the response made to the need was poor enough to constitute an unnecessary and wanton infliction of pain, and not merely accidental inadequacy, negligence in diagnosis or treatment, or medical malpractice. *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000). A "serious medical need" is one that has been diagnosed by a physician as mandating treatment or one so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and, in either case, must be one that if left unattended poses a substantial risk of serious harm. *Kelley v. Hicks*, 400 F .3d 1282, 1284 n.3 (11th Cir. 2005). Delay of treatment for a serious condition can rise to the level of deliberate indifference where it is apparent that delay would detrimentally exacerbate the medical problem, the delay does

seriously exacerbate the medical problem, and the delay is medically unjustified. *Taylor*, 221 F.3d at 1259-60 (11th Cir. 2000) (*citing Hill v. Dekalb Reg'l Youth Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994), *overruled on other grounds by*, *Hope v. Pelzer*, 536 U.S. 730, 739 (2002)); *Lancaster v. Monroe Cnty., Ala.*, 116 F.3d 1419, 1425 (11th Cir. 1997).

Assuming Plaintiff has demonstrated the existence of a serious medical condition, Defendant maintains that Plaintiff has received timely, appropriate, attentive, and adequate medical treatment for his medical issues and concerns.  Defendant indicates that Plaintiff arrived at the Kilby Correctional Facility on May 9, 2014. Between his arrival date through the end of July 2014 Plaintiff was seen numerous times by physicians and medical staff in response to his complaints regarding various medical issues. In a few sick call requests submitted during this time frame Plaintiff complained about back pain and/or seeing blood in his urine. *Doc. No. 15, Baugh Affidavit, Exh. A.*

In a sick call slip dated July 21, 2014, Plaintiff complained of back pain and blood in his urine but failed to appear for his scheduled evaluation at sick call.  Medical personnel examined Plaintiff on July 23, 2014, regarding his complaints of toe pain and blood in his urine.  A physician summoned Plaintiff on August 3, 2014, for an evaluation regarding these complaints, but Plaintiff failed to appear.  He submitted a sick call request on August 18, 2014, complaining of problems urinating, blood in his urine, and stomach pain. Plaintiff was seen at sick call for evaluation and referred to a physician. He was summoned for this evaluation by the doctor on August 19, 2014, at which time he complained of lower back pain. The physician, believing Plaintiff could be suffering from a urinary tract infection, admitted him to the infirmary for oversight by medical staff. While in the infirmary, Plaintiff was prescribed antibiotics and received an order to undergo urinalysis testing.  A physician next examined Plaintiff on August

20, 2014, and concluded his symptoms indicated possible kidney stones. Plaintiff was prescribed medication to treat pain and discomfort and to assist in passing any kidney stone. By August 26, 2014, Plaintiff reported no relief from the treatment provided. Further urinalysis testing was ordered. Although Plaintiff submitted a sick call slip on September 2, 2014, complaining of vomiting and blood in urine, before he could be evaluated for his complaints he was released from ADOC ["Alabama Department of Corrections"] custody to the Supervised Release Program. *Doc. No. 15, Baugh Affidavit, Exh A.*

Plaintiff returned to ADOC custody on October 2, 2014. On October 3, 2014, medical personnel referred Plaintiff to the University of Alabama at Birmingham for evaluation related to his kidney stones.  Plaintiff also received prescriptions for pain medication and antibiotics upon his return to Kilby and additional urinalysis testing was conducted.  On November 3, 2014, Plaintiff received clearance from an outside urologist to proceed with surgery to remove kidney stones.  All kidney stones present during surgery on November 7, 2014, were removed.  *Doc. No. 15, Baugh Affidavit, Exh. A.*

After reviewing Defendant's response to the court's January 29, 2015, show cause order, including Plaintiff's medical records, the court cannot say that Plaintiff has shown a substantial likelihood of success on the merits.  Plaintiff's medical records show that both correctional and free world medical personnel and providers routinely examined him, evaluated his medical complaints and conditions, and responded in accordance with their evaluations to his condition and his concerns and requests for medical care and treatment.  Defendant maintains that medical personnel have and continue to consistently monitor and evaluate Plaintiff regarding the medical condition about which he complains and assert that he has been afforded appropriate healthcare

with no denials or delays regarding necessary healthcare and prescribed medications. *Doc. No. 15, Exh. A.*

The court finds no evidence in the record reflecting that Defendant has been indifferent to Plaintiff's health condition or concerns. To the extent there exists a difference in medical opinion on the provision of medical care, a difference in medical opinion will seldom rise to the level of a constitutional violation and based on the records filed does not do so in this case. *Hamm v. DeKalb*, 774 F.2d 1567, 1575 (11th Cir. 1985) (where a prisoner receives adequate medical care but desires to receive a different mode of treatment, the care provided does not amount to deliberate indifference); *Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995) (whether a defendant should have used additional or different diagnostic techniques or forms of treatment "is a classic example of a matter for medical judgment and therefore not an appropriate basis for liability under the Eighth Amendment."). Further, negligent diagnosis or treatment of a medical condition does not support an Eighth Amendment challenge. *McElligot v. Foley*, 182 F.3d at 1254.

Having found Plaintiff has failed to satisfy the first requirement for a preliminary injunction, the court need not consider the other factors. *See Church*, 30 F.3d at 1342; *Siegel*, 234 F.3d at 1176. Preliminary injunctive relief is not warranted.

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction filed by Plaintiff regarding his claim of inadequate medical care (*Doc. No. 1*) be DENIED;

2. This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **March 23, 2015**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 9th day of March, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE