IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RONALD DALE BARNES, #261 261, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:15-CV-57-MHT |
| | ) | [WO] |
| CORIZON MEDICAL SERVICES, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This *pro se* 42 U.S.C. § 1983 action was filed by Plaintiff on January 23, 2015. On March 17, 2015, the court entered an order of procedure directing Defendants to file an answer and written report to Plaintiff's complaint and amendments to the complaint. Docs. 20 & 23. The order also instructed Plaintiff to inform the court of any change in his address as all parties have an affirmative duty to inform this court of any address changes during the pendency of their action. Doc. 20.

The court recently learned that Plaintiff is no longer housed at the Red Eagle Honor Farm, which is the court's last known address for him. *See* Doc. 13. Consequently, an order was entered on April 19, 2016, directing Plaintiff to inform the court of his present mailing address. Doc. 30. Plaintiff was cautioned that his failure to comply with this order would result in a recommendation that this case be dismissed. Doc. 30.

On May 2, 2016, the envelope containing Plaintiff's copy of the court's April 19, 2016, order was returned to the court marked as "undeliverable." As Plaintiff is no longer residing at the last service address he provided to the court, and he has not provided this court with a new address for service, the undersigned concludes that dismissal of the complaint is appropriate. The court

has considered a remedy less drastic than dismissal, but it is imperative that the court and other litigants be able to communicate with Plaintiff, and they cannot do so under the present circumstances.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice for Plaintiff's failure to prosecute this action properly and to comply with the orders of this court.

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on Plaintiff at his last known address.

It is further ORDERED that **on or before May 23, 2016**, the parties may file objections. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the parties object. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on this 9th day of May, 2016.

    /s/ Gray M. Borden
UNITED STATES MAGISTRATE JUDGE